# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| ROBERT LINDNER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 12 C 5344 |
|  | ) |  |
| UNION PACIFIC RAILROAD COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court Plaintiff Robert Lindner's (Lindner) motion for leave to file an amended complaint and for remand. For the reasons stated below, the court grants the motion.

## BACKGROUND

On July 4, 2012, a train allegedly operated by Defendant Union Pacific Railroad Company (Railroad) derailed from a track allegedly owned, operated and maintained by Railroad, causing a bridge to collapse, which resulted in the deaths of Burton R. Lindner and Zorine Lindner. On July 6, 2012, Lindner, as Special Administrator of the Estates of Burton R. Lindner and Zorine Lindner, filed an action in state court against Railroad, and immediately moved for the entry of a protective

1

order relating to the preservation of evidence at the scene of the derailment. The state court judge granted Lindner's motion for a protective order. On the same date, Railroad removed the instant action to this court on the basis of diversity jurisdiction and moved to have the protective order vacated. After a hearing on the motion, the court granted the motion to vacate the protective order and entered an agreed order relating to the evidence and investigation at the scene of the derailment. Based upon the parties' representations that they were engaged in settlement negotiations, the court extended the deadline for Railroad to file its answer to the complaint to January 7, 2013. On December 27, 2012, Lindner filed the instant motion. In his motion, Lindner, who is an Illinois resident, seeks to file an amended complaint adding Joe Scott (Scott) and Jerome Griffin (Griffin), who are also Illinois residents, as defendants in this action, which would thus mandate remand of the instant action back to state court. Railroad admits that there is no diversity if Scott and Griffin are joined as defendants, and opposes the motion.

## LEGAL STANDARD

Joinder of additional non-diverse parties after an action has been removed to federal court is governed under 28 U.S.C. § 1447(e) (Section 1447(e)), which states that "[i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* The court has discretion regarding whether to permit joinder under Section 1447(e), and "should balance the

equities" when making its determination, focusing on the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

## DISCUSSION

Railroad argues that Lindner's proposed amendment is futile, or alternatively, that joinder should be denied pursuant to Section 1447(e).

I. Whether Amendment is Futile

Railroad contends that the filing of the proposed amended complaint is futile because the state law negligence claims brought against Scott and Griffin in the proposed first amended complaint are preempted by the Federal Railroad Safety Act of 1970 (FRSA), 49 U.S.C. § 20102 *et seq. See, e.g., Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "a 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss'")(quoting *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)). The FRSA expressly preempts state law claims relating to railroad safety to the extent that "the Secretary of Transportation . . . [has] prescribe[d] a regulation or

3

issue[d] an order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2). Railroad argues that the core of Lindner's claims against Scott and Griffin relate to their alleged duties to inspect and maintain the track, that the Federal Railroad Administration has issued regulations concerning those matters, and that Lindner's claims are therefore preempted under 49 U.S.C. § 20106(a)(2).

In the proposed amended complaint, Lindner alleges that Scott was a signal inspector or signal maintenance person with Railroad, and that Griffin was a track inspector for Railroad. Scott allegedly observed the track or rail at the location of derailment on the morning of July 4, 2012, and allegedly called to request that a track inspector come to the location. Griffin allegedly arrived at the scene of the derailment a few minutes before the derailment occurred, and was allegedly aware of the location and direction of travel of the train that derailed. Scott and Griffin each allegedly knew or should have known of the dangers associated with continuous welded rail at or near bridge structures during periods of excessive heat like those present on and before July 4, 2012." (A Compl. Par 8, 11). Scott was allegedly careless and negligent in failing to maintain the tracks in a reasonably safe condition, failing to appreciate defects in the track condition at or near the location of derailment, failing to provide adequate warning regarding the track condition, failing to conduct an adequate inspection of the track condition, and failing to take appropriate and adequate action to ensure that trains would not pass over the allegedly defective track. Griffin was allegedly careless and negligent in failing to maintain the tracks in a reasonably safe condition, failing to appreciate defects in the

track condition at or near the location of derailment, failing to conduct an adequate inspection of the track condition, failing to take appropriate and adequate action to ensure that trains would not pass over the allegedly defective track, and failing to conduct a walking inspection of the track before the trail that derailed arrived at the location of the derailment. Although Railroad argues that the core of Lindner's claims against Scott and Griffin relate to their alleged duties to inspect and maintain the track, based on the allegations in the proposed amended complaint, Lindner's claims against Scott and Griffin cannot be construed as narrowly as Railroad suggests.

Moreover, an action under state law seeking damages for personal injury, death, or property damage is not preempted by the FRSA to the extent that a defendant "(A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation . . . covering the subject matter . . . ; (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by [the Secretary of Transportation]; or (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2)." 49 U.S.C. § 20106(b). Based on the allegations in the proposed amended complaint, the claims against Scott and Griffin do not appear to be inconsistent with any federal law or regulation. Thus, Railroad has not presented sufficient arguments that Lindner's claims are preempted. Based on the current presentations and arguments, Lindner's state law claims against Scott and Griffin are permitted pursuant to 49 U.S.C. § 20106(b). Based upon the above,

Railroad's argument that the proposed amendment is futile is without merit.

II. Whether Joinder Should Be Permitted Pursuant to Section 1447(e)

Railroad argues that joinder should be denied pursuant to Section 1447(e). As discussed above, in determining whether to permit joinder under Section 1447(e), the court evaluates "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Schur*, 577 F.3d at 759. Railroad argues that Lindner's motive for adding Scott and Griffin is solely to destroy diversity jurisdiction, that Lindner will not be harmed if joinder is denied, and that other relevant equitable consideration weigh in favor of denying joinder.

In support of its argument relating to Lindner's motive, Railroad contends that Lindner has nothing to gain by adding Scott and Griffin as defendants. However, Lindner has correctly pointed out that joining all of the potentially liable parties in one action will conserve both the parties' resources as well as judicial resources. Although Railroad contends that resources would not be wasted because any separate action against Scott and Griffin would be stayed pending resolution of this action, that is pure speculation on Railroad's part. In addition, joining Scott and Griffin as defendants ensures that they are available for trial. Further, the issue of Scott and Griffin's liability is separate and distinct from the issue of Railroad's liability, regardless of whether Railroad is ultimately responsible for any damages.

6

Thus, there are multiple legitimate motives for Lindner to seek joinder of Scott and Griffin as defendants.

Railroad also contends that the timing of the motion reveals an improper motive. However, the record reflects that Lindner indicated to Railroad soon after learning of Scott and Griffin's roles in the derailment that it intended to seek joinder of them as defendants, and only delayed filing the instant motion because the parties were actively engaged in settlement negotiations. Therefore, the timing of the motion is not suspicious. In addition, the motion is timely, given that Railroad has not yet filed its response to the complaint and the motion was made as soon as was practicable given the parties' engagement in settlement discussions.

Railroad argues that Lindner has not shown that he would be prejudiced if Scott and Griffin are not joined as defendants in the instant action. However, as discussed above, the issue of Scott and Griffin's liability is distinct from the issue of Railroad's liability, regardless of which party ultimately satisfies a judgment, if any. It would be highly prejudicial for Lindner to have to litigate his case against Scott and Griffin in a separate parallel action.

Railroad argues that other equitable considerations favor denying joinder. In support of its argument, Railroad argues that it has an interest in remaining in federal court because federal statutes and regulations will control this case. However, 49 U.S.C. § 20106(c) expressly indicates that reliance on federal laws and regulations relating to railroad safety does not create "a Federal cause of action on behalf of an injured party or confer[ ] Federal question jurisdiction for such State law causes of

7

action." 49 U.S.C. § 20106(c). Thus, 49 U.S.C. § 20106(c) makes clear that state courts are fully competent to resolve issues relating to railroad safety and preemption. In addition, Railroad's argument that the state court may favor, or be perceived as favoring, home-state litigants is not persuasive, nor does it trump the other factors the court must consider in reaching a decision on the joinder issue. Based upon the above, the court grants Lindner's motion for leave to file an amended complaint adding Scott and Griffin as defendants. In addition, pursuant to Section 1447(e), the instant action is remanded to state court.

## CONCLUSION

Based upon the foregoing analysis, the motion for leave to file an amended complaint is granted, and the instant action is hereby remanded to state court.

                                                                   _____
                                                                   Samuel Der-Yeghiayan
                                                                   United States District Court Judge

Dated: February 19, 2013