# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 13-1422

ROBERT LINDNER, Special Administrator of the Estates of BURTON R. LINDNER and ZORINE LINDNER, deceased,

                    *Plaintiff-Appellee*,

*v.*

UNION PACIFIC RAILROAD COMPANY,

                    *Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12 C 5344 — **Samuel Der-Yeghiayan**, *Judge*.

ARGUED APRIL 7, 2014 — DECIDED AUGUST 11, 2014

Before WOOD, *Chief Judge*, and KANNE and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Robert Lindner's parents were killed when a Union Pacific train derailed and caused a bridge to collapse. Soon after the accident, Lindner filed this wrongful-

death action against Union Pacific in Illinois state court. Union Pacific removed the case to federal court, asserting diversity jurisdiction: The Lindners were domiciled in Illinois, whereas Union Pacific is a Delaware corporation with its principal place of business in Nebraska. After conducting some initial discovery, Lindner sought leave to amend his complaint to add claims against two Illinois residents who worked for Union Pacific. The district court granted the request and, because the parties were no longer completely diverse, remanded the case to state court.

Union Pacific appeals, but we lack jurisdiction to hear the case. An order remanding a case to state court for lack of subject-matter jurisdiction "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). We have no appellate jurisdiction to consider the other part of the district court's order, granting leave to amend the complaint, because it was not a final order in any sense; it did not grant or deny relief on the merits of any claim, and it can be revisited and challenged at later stages of the litigation. Alternatively, Union Pacific asks us to treat the appeal as a petition for mandamus. Because the order granting leave to amend can be reviewed in state court, mandamus relief is neither necessary nor appropriate. Thus, Union Pacific's appeal and request for a writ of mandamus must be dismissed.

## I. Background

Burton and Zorine Lindner were driving under a bridge near Glenview, Illinois, when a Union Pacific train derailed overhead. The derailment caused the bridge to collapse,

No. 13-1422                                                                 3

crushing Burton and Zorine below. Their son Robert Lindner filed this wrongful-death action in Illinois state court alleging that Union Pacific caused the accident through its own negligence.

At that time there was complete diversity between the parties. The deceased Lindners were citizens of Illinois, and their citizenship rather than Robert's determines diversity jurisdiction because Robert is merely a representative of their estate. *See* 28 U.S.C. § 1332(c). Union Pacific, meanwhile, is a Delaware corporation with its principal place of business in Nebraska. The amount in controversy was more than $75,000. Union Pacific timely removed the case to federal court.

Early in the discovery process, Lindner learned about two Union Pacific employees who had been working at the scene of the accident. One was Joe Scott, a signal inspector who had called for an inspection of the track near the bridge where the train derailed. The other was Jerome Griffin, a track inspector who arrived at the track just before the derailment. Lindner moved to amend his complaint to add negligence claims against Scott and Griffin, arguing that they should have done more to prevent the accident. Moreover, because Scott and Griffin were both Illinois residents, Lindner asked the court to remand the action back to state court.

Union Pacific opposed the proposed amendment on two grounds. First, the railroad asserted that the amendment was futile because any state-law claims against Scott and Griffin would be preempted by federal law. *See* 49 U.S.C. § 20106. Second, the railroad argued that even if the claims weren't preempted, the court should exercise its discretionary

authority to deny any joinder that would destroy subject-matter jurisdiction. *See* 28 U.S.C. § 1447(e).

The district court rejected Union Pacific's arguments and granted leave to amend. The court didn't think the claims would be preempted by federal law, either because they were outside the scope of the preemption statute or because they were exempted from preemption by the statute's saving clause. And the court concluded that joinder was appropriate because Lindner had good reasons, unrelated to jurisdiction, for adding the new claims. Because the amendment destroyed diversity, the district court remanded the case to state court. Union Pacific promptly appealed.

## II. Discussion

### A. Appellate Jurisdiction

With a few exceptions not relevant here, orders remanding a case to state court based on a lack of subject-matter jurisdiction are "not reviewable on appeal or otherwise." § 1447(d). Here, although subject-matter jurisdiction existed when the case was removed, the addition of Scott and Griffin destroyed diversity, and thus the district court was required to remand the case. *See* § 1447(e) (requiring the district court to remand if, in its discretion, it allows joinder that would destroy subject-matter jurisdiction). Union Pacific does not dispute that § 1447(d) prevents us from reviewing a decision to remand on this basis. *See In re Fla. Wire & Cable Co.*, 102 F.3d 866, 868 (7th Cir. 1996) (holding that § 1447(d) bars review of remands required by § 1447(e)).

No. 13-1422 5

Instead, the railroad argues that we should review only the court's contemporaneous decision to allow Lindner to amend his complaint and join Scott and Griffin as defendants. The bar against reviewing remand orders does not prevent us from reviewing separate, appealable rulings that happen to be contained in the same document as the remand order. *See City of Waco, Tex. v. U.S. Fidelity & Guar. Co.*, 293 U.S. 140, 143 (1934); *Good v. Voest-Alpine Indus.*, 398 F.3d 918, 921–23 (7th Cir. 2005). For example, if a district court were to dismiss the one claim in the case supporting federal jurisdiction and then in the same order remand the remaining cross-claims, we would have jurisdiction to review the dismissal order even though we couldn't review the decision to remand. *Waco*, 293 U.S. at 143. Since the remand itself couldn't be reviewed, reversing the dismissal would simply send the case back to state court with the original claim still intact. *See id.*

But this doctrine doesn't help Union Pacific because there is no appealable order here separate from the decision to remand. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 236 (2007) ("*Waco* does not permit an appeal when there is no *order* separate from the unreviewable remand order."); *Good*, 398 F.3d at 925 ("*Waco* itself made clear that the order for which appellate review is sought must independently be reviewable."). Our appellate jurisdiction extends to "final orders," 28 U.S.C. § 1291, but an order allowing the plaintiff to amend the complaint isn't a final order because it doesn't terminate the dispute; it doesn't even grant or deny relief on any of the plaintiff's claims. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 662 (7th Cir. 1998) (holding that an order allowing amendment of the complaint was not a final order).

Case: 1:12-cv-05344 Document #: 53 Filed: 09/02/14 Page 6 of 9 PageID #:628
Case: 13-1422    Document: 00712304270    Filed: 09/02/2014    Pages: 9

6                                                              No. 13-1422

We also have jurisdiction to consider a small class of "collateral orders" that although not "final orders" in the technical sense, would be effectively unreviewable if they couldn't be appealed immediately. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999); *Travis v. Sullivan*, 985 F.2d 919, 922 (7th Cir. 1993). But the collateral-order rule offers no support for Union Pacific because there's nothing unreviewable about the court's decision here: The state courts are free to reject the district court's reasoning on remand. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 647 (2006) ("While the state court cannot review the decision to remand in an appellate way, it is perfectly free to reject the remanding court's reasoning … ."); *Powers v. Southland Corp.*, 4 F.3d 223, 234–37 (3d Cir. 1993) (finding that order allowing joinder would not be preclusive or unreviewable after remand). The very fact that the district court's ruling can't be appealed means that it will lack preclusive effect in the state court on remand. *See Kircher*, 547 U.S. at 647 ("Collateral estoppel should be no bar to … revisitation of the preclusion issue [decided prior to remand], given that § 1447(d) prevents the funds from appealing the District Court's decision." (footnote omitted)). Likewise, Illinois courts generally do not treat prior rulings as the law of the case unless the previous order was *final*, unlike the preliminary ruling allowing amendment of the complaint here. *See People v. Patterson*, 610 N.E.2d 16, 41 (Ill. 1992) ("[A] finding of a final judgment is required to sustain application of the [law-of-the-case] doctrine."); *Commonwealth Edison Co. v. Ill. Commerce Comm'n*, 858 N.E.2d 65, 76–77 (Ill. Ct. App. 2006) (noting that "[t]he law-of-the-case doctrine binds a court only where a court's prior order was final" and declining

No. 13-1422 7

to treat transferor court's jurisdictional ruling as binding on transferee court). That may explain why Illinois courts have repeatedly declined to consider themselves bound by a federal district court's pre-remand ruling on a question of preemption. *See, e.g.*, *Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., L.L.C.*, 973 N.E.2d 390, 397 (Ill. Ct. App. 2012) ("While … [the district court before remanding] rejected ISE's preemption argument on its merits, we are not bound to follow [that] ruling."); *Hinterlong v. Baldwin*, 720 N.E.2d 315, 323 (Ill. Ct. App. 1999) (noting, without ruling on, Illinois trial court's decision not to treat federal court's pre-remand preemption decision as law of the case). Moreover, even if the law-of-the-case doctrine applied, it could only bind a state *trial* court; the decision could still be reviewed by the state appellate courts. *See Powers*, 4 F.3d at 234 ("[T]he law of the case doctrine would not limit the state *appellate* court's power to review the decision [of a district court].").

Because the court's decision to allow Lindner to amend his complaint is neither a final order nor an unreviewable collateral order, we have no jurisdiction to review it. That leaves Union Pacific with nothing to appeal: Section 1447(d) bars any consideration of the remand decision, and no other part of the court's order is appealable. We thus have no jurisdiction to hear any appeal from the district court's ruling.

**B. Mandamus Jurisdiction**

In the alternative, Union Pacific asks us to issue a writ of mandamus compelling the district court to deny plaintiff's motion to amend the complaint. The writ of mandamus "is a

'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). It is appropriate only if three conditions are satisfied: first, there must be no other adequate means to remedy the problem; second, the party's right to the writ must be clear and indisputable; and third, the court must be satisfied that granting the writ would be an appropriate exercise of its discretion. *Id.*

Union Pacific's request fails the very first condition.[1] As we have explained, Union Pacific has adequate means to correct any error in the district court's decision: It can ask the state trial court to reconsider the preemption issue and dismiss the claims against Scott and Griffin, and if the trial court refuses, state appellate courts can take up the question once there's an appealable judgment in the case. The defendants understandably do not wish to continue defending against claims that they view as meritless—but in this regard they're in the same position as any other defendant who loses a motion to dismiss, and mandamus relief is not appropriate merely because defendants don't want the burden of having to litigate the case further. *See Abelesz v. OTP Bank*, 692 F.3d 638, 651 (7th Cir.

---

[1] We do not need to decide whether a writ of mandamus directed at the district court would *ever* be appropriate in this situation. Recall that the district court *remanded* the case to state court, an order that we cannot alter "on appeal or otherwise." 28 U.S.C. § 1447(d). Union Pacific has not explained how we could issue an order compelling the district court to take action in a case over which it has already relinquished jurisdiction. We leave that issue for another day, however, since Union Pacific's request fails even if we assume that we could issue such an order.

No. 13-1422 9

2012) ("[A]ppellate courts are not in the business of reviewing routine denials of motions to dismiss … and certainly not by issuing a writ of mandamus."). Rather, mandamus is reserved for extraordinary situations in which the consequences of denying review are much greater than those ordinarily attending the rules barring piecemeal appeals. *See, e.g.*, *id.* at 652 (granting mandamus in an "extraordinary" case in which the failure to dismiss certain claims had serious foreign-policy implications).

DISMISSED.